

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

# ORIGINAL

IN RE SUBPOENA ISSUED TO
RADIO SHACK CORPORATION

)
) Civil Action No.: _____
)
)
)

**3-07MC0018-P**

---

**DEFENDANTS TATUNG COMPANY AND TATUNG COMPANY OF AMERICA,**
**INC.'S MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT**

---

Respectfully submitted,

Penelope Brobst Blackwell
State Bar No. 24029456

**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:     (214) 665-3600
Telecopier:     (214) 665-3601

**ATTORNEYS FOR TATUNG COMPANY and**
**TATUNG COMPANY OF AMERICA, INC**

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................ 2

    A.   The Delaware Action. ............................................................................................. 2

    B.   The Tatung Defendants Have Already Provided LPL With Voluminous Discovery
        Relating to Both Its Accused and Non-Accused Products ...................................... 3

    C.   LPL's Motion To Compel Further Customer Information Is Pending Before the Special
        Master. .................................................................................................................... 4

    D.   LPL Now Seeks the Same Discovery Directly From the Tatung Defendants' Customers. 4

III. ARGUMENTS AND AUTHORITIES ........................................................................ 5

    A.   The Tatung Defendants Have Standing Under FRCP 26(c) To Move For A Protective
        Order. ...................................................................................................................... 5

    B.   Good Cause Supports The Issuance of A Protective Order ..................................... 7

        1.   Legal Standard Governing The Issuance Of Protective Orders. ...................... 7

        2.   The Requested Discovery Seeks Overly Broad Categories Of Communications and
            Information Completely Unrelated To Claims At Issue in The Delaware Action. ......... 7

        3.   The Requested Third-Party Discovery Is Irrelevant To Any Purported Claim of Indirect
            Infringement. ................................................................................................... 9

        4.   The Requested Discovery Seeks Confidential Business Information To Which LPL
            Would Not Otherwise Be Entitled. ................................................................ 10

        5.   LPL's Discovery Is Unduly Burdensome And Is Intended to Harass The Tatung
            Defendants' Customers. ................................................................................. 11

    C.   The Need For a Protective Order Limiting Third-Party Discovery Is Even More
        Compelling Due To LPL's Violations Of Previous Protective Orders ............................ 12

        1.   LPL Has Violated Other Protective Orders On At Least Two Occasions. ..................... 12

        2.   LPL Is Potentially In Violation Of the Patent Prosecution Bar. ..................... 12

IV. CONCLUSION ............................................................................................................ 13

**DEFENDANTS' TATUNG COMPANY AND TATUNG COMPANY OF AMERICA, INC.'S MOTION FOR
PROTECTIVE ORDER AND BRIEF IN SUPPORT - Page i**

## TABLE OF AUTHORITIES

**Federal Cases**

*Alliance Gen. Ins. Co. v. Louisiana Sheriff's Auto. Risk Program*, 96, 1999 U.S. Dist. LEXIS 5042, at \*8 (E.D. La. Apr. 9, 1999) ...................................................................... 6

*Brown v. Braddick*, 595 F.2d 961 (5th Cir. 1979) ......................................................... 6

*Cmedia, LLC v. Lifekey Healthcare, LLC*, 216 F.R.D. 387 (N.D. Tex. 2003) .................. 7, 10, 11

*Dart Industries, Inc. v. Liquid Nitrogen Processing*, 50 F.R.D. 286 (D. Del. 1970)...................... 6

*Echostar Communications Corp. v. The News Corp. Ltd.*, 180 F.R.D. 391 (D. Co. 1998)............ 7

*Harris v. Amoco Production Co.*, 768 F.2d 669 (5th Cir. 1985) ....................................................... 7

*Hinton v. Entex, Inc.*, 93 F.R.D. 336 (E.D. Tex. 1981) ...................................................... 9

*Joy Technologies, Inc. v. Flakt, Inc.*, 772 F. Supp. 842 (D. Del. 1991) ......................................... 8

*Kadair v. Sony Corp. of America*, 694 F.2d 1017 (5th Cir. 1983).................................................. 8

*Landry v. Air Line Pilots Assoc.*, 901 F.2d 404 (5th Cir. 1990) ...................................................... 7

*Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318 (Fed. Cir. 1990) ............................... 8, 9, 10

*Minnesota Mining and Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294 (Fed. Cir. 2002) .................... 10

*PC Connector Solutions LLC v. Smartdisk Corp.*, 406 F.3d 1359 (Fed. Cir. 2005)....................... 9

*Pulsecard v. Discover Card Services, Inc.*, 1995 WL 526533 \* 26 (D. Kan. 1995).................... 13

*Will-Drill Res., Inc. v. J. R. Pounds, Inc.*, 2:06-0064, 2007 U.S. Dist. LEXIS 12877, at \*10-11 (S.D. Miss. Feb. 23, 2007)........................................................................................... 6

*Williams v. Weems Cmty. Mental Health Ctr.*, 04-179, 2006 U.S. Dist. LEXIS 21845, at \*3 (S.D. Miss. April 6, 2006)................................................................................................ 6

*Wyatt v. Kaplan*, 686 F.2d 276 (5th Cir. 1982)............................................................... 8

**Federal Rules**

Federal Rule of Civil Procedure 26(c) ................................................................ 7

Federal Rule of Civil Procedure 45 ................................................................... 6

Defendants Tatung Company and Tatung Company of America (collectively, "the Tatung Defendants") file this their Motion for Protective Order and Brief in Support ("Motion"), and will show as follows:

## I. <u>INTRODUCTION</u>

This Motion for Protective Order seeks to limit the scope of a subpoena and deposition notice ("Subpoena") issued on third-party Radio Shack Corporation ("Radio Shack") out of this district in connection with a patent infringement lawsuit styled *L.G. Philips LCD Co., Ltd. v. Tatung Company, et al.*, Civil Action No. 04-343, in the United States District Court for the District of Delaware (the "Delaware Action"). The subpoena at issue is found in the Tatung Defendants' Appendix in Support of this Motion ("App."), being filed concurrently herewith, at App. 3-16. In short, the Tatung Defendants submit that any third-party discovery, such as the Subpoena Duces Tecum and for Deposition served on Radio Shack, should be limited to the accused products that are at issue in the Delaware Action. For a list of the accused products, *see* Declaration of Charlene Oh, dated March 8, 2007 ("Oh Dec. 1") at ¶ 3. As set forth in detail below, the Tatung Defendants respectfully request that their Motion be granted because Plaintiff L.G. Philips LCD Co., Ltd.'s ("LPL") discovery requests are: (1) a transparent and improper effort by LPL to perform an "end run" around a potentially unfavorable ruling by the Special Master in the Delaware Action concerning the proper scope of LPL's discovery, namely, the Special Master's imminent ruling on LPL's motion to compel discovery pertaining to *unaccused* products from the Tatung Defendants and the Tatung Defendants' motion to stay discovery regarding *unaccused* products pending resolution of issues relating to LPL's and its attorneys' violations of Protective Orders in cases pending between the parties; (2) irrelevant in that they seeks overly broad categories of communications and information from the Tatung Defendants'

customers entirely unrelated to the patents-in-suit or the accused products in the Delaware Action; (3) not reasonably calculated to lead to the discovery of admissible evidence in the Delaware Action, but instead, seek information about the Tatung Defendants' confidential business communications and trade secret information for ulterior and improper purposes; and (4) calculated to harass the Tatung Defendants' customers by requiring a burdensome production of irrelevant documents.[1]

## II. STATEMENT OF FACTS

### A.    The Delaware Action.

Defendant Tatung Company is a Taiwanese original equipment manufacturer ("OEM") that sells electronic products including computer monitors and televisions to resellers and retailers worldwide. Defendant Tatung Company of America, a California corporation, is a reseller of computer monitors and other LCD applications in the United States.  LPL and its parent company, LG Electronics, Inc. ("LGE"), compete with the Tatung Defendants in the market of flat display panel computer monitors.  Third-party Radio Shack, the recipient of LPL's subpoena and deposition notice, is located in Dallas, Texas and is a customer of the Tatung Defendants.

The Tatung Defendants integrate more than 800 models of computer monitors and flat panel display products, referred to collectively as "visual display products."  As OEMs, many of the Tatung Defendants' products are branded and otherwise customer specific; in most instances, the products are made to exacting customer specifications.  In the Subpoena, LPL requests the

---

[1] At least one district court in the Southern District of Florida has found, based on the same arguments set forth herein, that the relief sought by the Tatung Defendants is appropriate and warranted. In *L.G. Philips LCD Co., Ltd. v. Tatung Company, et al.*, pending in the United States District Court for the Southern District of Florida, Cause No. 07-80223, the Court issued an order limiting the discovery sought by LPL from third-party Defendant, Sensormatic, Inc., in a subpoena virtually identical to the subpoena issued to Radio Shack.  A copy of the Motion for Protective Order filed in that action is attached to the Appendix at App. 17-54, and a copy of the Court's Order is attached as App. 74-88.

production of documents relating to the design requirements and specifications of the products supplied by Tatung Defendants' to Radio Shack.  App. 14-15/Requests 1, 3, 4.  In addition, the Subpoena seeks the production of the Tatung Defendants' specific pricing arrangements with customers.  App. 14-15/Requests 1, 3, 4, 5, 7.  Due to the highly competitive nature of this market, the information sought by LPL are extremely valuable trade secrets.  Chang Decl. at ¶ 4, App. 60.

**B.     The Tatung Defendants Have Already Provided LPL With Voluminous Discovery Relating to Both Its Accused and Non-Accused Products.**

LPL commenced the Delaware Action against the Tatung Defendants on May 27, 2004, alleging patent infringement claims against the Tatung Defendants based on certain "rear-mount" patents with respect to twenty (20) of its products.  Tatung has denied these allegations.  For over two years, the parties have been engaging in discovery in the Delaware Action, and the discovery cut-off date that action is March 30, 2007.

LPL served its initial discovery requests in the Delaware Action over two years ago.  In response, the Tatung Defendants produced technical specifications and assembly drawings covering approximately 800 models of the monitors and flat panel displays that they sell. Declaration of Charlene Oh, dated March 13, 2007 ("Oh Decl. 2") at ¶ 3, App. 57.  Until November 2006, LPL had accused only one Tatung product of infringing the patents-in-suit.  *Id.* at ¶ 6.  In November 2006, LPL identified two additional accused products.  *Id.* at ¶ 7.  It was not until mid-January 2007 that LPL accused the remaining products.  *Id.* at ¶ 8.

The Tatung Defendants have expended a great deal of effort to comply with their discovery obligations.  Since late January 2007 alone, the Tatung Defendants have produced approximately 15,000 pages of documents, including the following:

- Highly confidential Tatung America product work instructions;

**DEFENDANTS' TATUNG COMPANY AND TATUNG COMPANY OF AMERICA, INC.'S MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT - Page 3**

- Highly confidential exploded view drawings of products; and

- Highly confidential sales summaries from 2002 to the present (quarter 1, 2007) containing model, price, and quantity information for *all* of its visual display products.

*Id.* at ¶ 9, App. 57-58.

In addition, the Tatung Defendants have made available for LPL's inspection, and LPL has examined, disassembled, and photographed more than 40 monitor and television products. *Id.* at ¶ 10, App. 58. Of the hundreds of products for which LPL has been provided technical documents, LPL has to date accused only 20 products of infringing the patents-in-suit. *Id.* at ¶ 5.

**C.    LPL's Motion To Compel Further Customer Information Is Pending Before the Special Master.**

In January 2007, LPL filed a motion to compel the production of additional documents such as highly confidential agreements and communications between the Tatung Defendants and their customers relating to *all* of the Tatung Defendants' visual display products including the hundreds of unaccused products. *Id.* at ¶ 11. The Tatung Defendants opposed that motion on the grounds that LPL's requested discovery is not limited in any way to the accused products at issue in the Delaware Action and is instead LPL's attempt to obtain highly sensitive business information. *Id.* at ¶ 12. *That motion is presently pending before the Special Master in the Delaware Action, and a decision is expected before the close of discovery on March 30, 2007.* *Id.* at ¶ 13.

**D.    LPL Now Seeks the Same Discovery Directly From the Tatung Defendants' Customers.**

Instead of waiting for the ruling from the presiding Special Master, LPL has recently served Radio Shack, as well as two dozen other Tatung customers, with a subpoena for oral

deposition and the production of voluminous, irrelevant documents including confidential customer information on hundreds of products that LPL has ***never accused of infringement.*** *Id.*

Specifically, LPL's request for documents seeks, *inter alia*, "all documents" including but not limited to writings, accounting records, agreements, communications, correspondence, faxes, summaries of records or telephone conversations, minutes or records of meetings or conferences, lists of persons attending meetings or conferences, drafts of any documents between the Tatung Defendants and Radio Shack concerning (a) marketing, sales, business documents or presentation materials provided by the Tatung Defendants; (b) Radio Shack's market for its "visual display products;" (c) the business relationship between Radio Shack and the Tatung Defendants since January 1, 2002; (d) Radio Shack's receipt or purchase of visual display products sold, manufactured, or distributed by the Tatung Defendants; (e) the total quantity of visual display products sold by Radio Shack that were manufactured or assembled by the Tatung Defendants, and more. *See* Document Requests at App. 14-15.

These extensive and broad-reaching requests for "visual display products" encompass *all* of the products the Tatung Defendants sell to Radio Shack and not just the accused products that are the subject of the Delaware Action. To date, LPL has failed to provide any legitimate explanation why information on ***unaccused*** products is relevant to its patent infringement claims in the Delaware Action.

### III. ARGUMENTS AND AUTHORITIES

A.    **The Tatung Defendants Have Standing Under FRCP 26(c) To Move For A Protective Order.**

In meet and confer discussions, LPL has erroneously claimed that the Tatung Defendants do not have standing to object to the information sought from third parties. LPL's position, however, is contrary to the Federal Rules of Civil Procedure and the law of this Circuit. Rule

26(c) of the Federal Rules of Civil Procedure ("FRCP") provides that "[u]pon motion *by a party* or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred . . . and for good cause shown . . . the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person . . ." (emphasis added).    This language allows parties to a lawsuit to challenge third-party subpoenas. *See Alliance Gen. Ins. Co. v. Louisiana Sheriff's Auto. Risk Program*, 96-961, 1999 U.S. Dist. LEXIS 5042, at *8 (E.D. La. Apr. 9, 1999) (ruling that based on Fed. R. Civ. P. 26(c) and with regard to a third-party subpoena, "Defendants are clearly *parties* to this litigation, and clearly have standing to move for a protective order"); *see also Will-Drill Res., Inc. v. J. R. Pounds, Inc.,* 2:06-0064, 2007 U.S. Dist. LEXIS 12877, at *10-11 (S.D. Miss. Feb. 23, 2007) (ruling that based on Fed. R. Civ. P. 26(c), "defendants do have standing to bring a motion for protective order" with regard to a third-party subpoena);    *Williams v. Weems Cmty. Mental Health Ctr.*, 04-179, 2006 U.S. Dist. LEXIS 21845, at *3 (S.D. Miss. April 6, 2006) (citing Fed. R. Civ. P. 26(c) and stating there was "no standing problem" in a motion by Defendant with regard to a third-party subpoena).    Accordingly, for these reasons, the Tatung Defendants have standing to bring this Motion.[2]

---

[2] When conferring regarding this motion, LPL stated that it believed that the Tatung Defendants did not have standing to bring this motion pursuant to *Dart Industries, Inc. v. Liquid Nitrogen Processing*, 50 F.R.D. 286, 291 (D. Del. 1970) which states that "unless a party to an action can make claim to some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty witness, the party to the action has no right to relief under FRCP 45(b) or 30(b)." LPL, however, is incorrect for multiple reasons. First, the Tatung Defendants are moving under Rule 26(c), not Rule 45, which was the rule at issue in *Dart*. In addition, the Fifth Circuit has recognized that when a party has a personal right or privilege with respect to the materials subpoenaed, it has standing to move for a protective order or to quash the subpoena even under Federal Rule of Civil Procedure 45. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). Here, the Tatung Defendants are asserting a personal right and privilege in that the documents and information sought from Radio Shack by the LPL Defendants contain trade secrets and other confidential information belonging to the Tatung Defendants.

**DEFENDANTS' TATUNG COMPANY AND TATUNG COMPANY OF AMERICA, INC.'S MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT - Page 6**

**B.     Good Cause Supports The Issuance of A Protective Order.**

**1.     Legal Standard Governing The Issuance Of Protective Orders.**

Pursuant to Federal Rule of Civil Procedure 26(c), "upon a showing of good cause," the Court may issue a protective order precluding or limiting the scope of discovery in order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. *Harris v. Amoco Production Co.*, 768 F.2d 669, 684 (5th Cir. 1985) (once good cause shown, court may exercise its sound discretion to restrict discovery of particular materials). The party seeking a protective order must show good cause and a specific need for protection. *Landry v. Air Line Pilots Assoc.*, 901 F.2d 404, 435 (5th Cir. 1990); *Harris*, 768 F.2d at 684. In determining "good cause," the court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice or burden to the other party. *Cmedia, LLC v. Lifekey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (citing *Truswal Sys. Corp. V. Hydro-Air Engineering, Inc.*, 813 F.3d 1207, 1210 (Fed. Cir. 1987)).

In the context of Fed. R. Civ. P. 26(c)(7), "good cause" is established when the movant demonstrates that the information sought is a trade secret and that its disclosure might be harmful. *Cmedia*, 216 F.R.D. at 391 (citing *Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, 131 F.R.D. 668, 671 (S.D. Tex. 1990)). In addition, case law is clear that disclosure to a competitor is presumptively more harmful than disclosure to a noncompetitor. *Id.* (citing *Echostar Communications Corp. v. The News Corp. Ltd.*, 180 F.R.D. 391, 395 (D. Co. 1998)).

**2.     The Requested Discovery Seeks Overly Broad Categories Of Communications and Information Completely Unrelated To Claims At Issue in The Delaware Action.**

A protective order is appropriate because LPL's third-party discovery requests are overly broad and seek information that is not relevant to its claims and are not calculated to lead to the

discovery of admissible evidence.   Instead, LPL seeks to obtain, through the guise of

"discovery," sensitive and confidential information relating to the Tatung Defendant's business

operations that would help LPL gain a competitive advantage.

The scope of permissible discovery is obviously limited by the requirement of relevance.

*Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982). A matter is not discoverable unless it is

"relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1).  If relevant, it need not

be admissible if it appears "reasonably calculated to lead to the discovery of admissible

evidence." *Id.*  While the standard of relevance in the context of discovery is construed broadly,

it is not so broad as to support "fishing expeditions" in discovery, which is apparently what LPL

attempts to conduct via its vague, sweepingly overbroad subpoenas. *Kadair v. Sony Corp. of

America*, 694 F.2d 1017, 1023 (5th Cir. 1983).

The case of *Joy Technologies, Inc. v. Flakt, Inc.*, 772 F. Supp. 842 (D. Del. 1991)

presents a nearly identical situation: the defendant sought a protective order preventing plaintiff

from seeking discovery from *any of the defendant's customers or potential customers* until

plaintiff made a showing that the information (a) was necessary and relevant to the action; and

(b) could not be obtained from any other source. *Id.* at 845.  The *Joy* Court granted the requested

protective order, stating:

> "[I]t is undisputed that [plaintiff] and [defendant] are fierce competitors in the
> technology that is the subject of this lawsuit, and [plaintiff] has not convinced the
> Court that the same information it seeks from third parties is not available from
> [defendant].  Therefore, unless [plaintiff] can demonstrate that it has a specific
> need for evidence available only from third party customers of [defendant], the
> Court concludes that [defendant] and its customers are entitled to protection."

*Id.* at 849.

Similarly, in *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1323 (Fed. Cir. 1990),

the plaintiff sought to obtain information from a nonparty competitor that was purportedly

relevant to the issue of damages in the underlying patent suit. The court held that the plaintiff was embarking on a "fishing expedition" with its "merely speculative inquiries in the guise of relevant discovery." *Id.* at 1327-28; *see also Hinton v. Entex, Inc.*, 93 F.R.D. 336, 337-38 (E.D. Tex. 1981) (denying discovery by when requests were over broad and not relevant and appeared to be a "fishing expedition" prohibited by the Fifth Circuit).

Here, LPL's discovery requests to Radio Shack seek broad categories of documents and information concerning both accused and *unaccused* products, and is not limited as to relevant time period. Such overly broad discovery requests encompass documents and information that are not related to the pending Delaware Action. Instead, LPL seeks to obtain such information about the Tatung Defendants to obtain a competitive advantage.

The Tatung Defendants do not seek to prevent LPL from obtaining all third-party discovery being requested in its subpoena and deposition notice. Rather, such third-party discovery should focus on deposition topics and documents *pertaining to the accused products* at issue in the Delaware Action.

### 3. The Requested Third-Party Discovery Is Irrelevant To Any Purported Claim of Indirect Infringement.

The Tatung Defendants anticipate that LPL will claim that it needs customer information in order to determine indirect infringement. However, LPL has not shown why such information is relevant to any such indirect infringement claim.

Determining whether a patent claim has been infringed involves a two step analysis. First, the claim must be properly construed by the Court to determine its scope and meaning. *PC Connector Solutions LLC v. Smartdisk Corp.*, 406 F.3d 1359, 1362 (Fed. Cir. 2005). Second, the claim, as construed, must be compared to the accused device or process. *Id.* Infringement analysis therefore focuses on the products or processes and the claims of the patents.

DEFENDANTS' TATUNG COMPANY AND TATUNG COMPANY OF AMERICA, INC.'S MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT - Page 9

Here, the Tatung Defendants have already produced technical documents that depict their products' components, as well as the assembly methods used. LPL is *already in possession* of all the technical information it needs to compare Tatung's products to the asserted claims. There is no need to directly subpoena and depose the Tatung Defendants' customers.

Moreover, there can be no indirect infringement without both direct infringement and an infringing product. "In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement, . . . and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Minnesota Mining and Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304 (Fed. Cir. 2002).

Here, there is no allegation of direct infringement with respect to the hundred of products for which LPL seeks thousands of documents from third parties. LPL is therefore not entitled to the broad categories of documents it seeks from Radio Shack.

### 4.    The Requested Discovery Seeks Confidential Business Information To Which LPL Would Not Otherwise Be Entitled.

A protective order also is appropriate because LPL's subpoena and deposition notice seek disclosure of confidential, proprietary trade secret information belonging to the Tatung Defendants. Such confidential commercial information warrants special protection under FED. R. CIV. P. 26(c)(7). *Micro Motion,* 894 F.2d at 1323 (citing *Smith & Wesson v. United States*, 782 F.2d 1074, 1082 (1st Cir. 1986)); *see also Cmedia*, 216 F.R.D. at 391.

The Tatung Defendants and LPL are active competitors in the computer monitor business. *See* Declaration of Jackson Chang ("Chang Decl.") at ¶ 2, App. 60. Producing the information and testimony LPL seeks would cause major competitive harm to the Tatung Defendants. Chang Decl. at ¶ 3, App. 60. As just one example, LPL designates as a deposition topic: "The nature of the business relationship and transactions between Radio Shack and [the

DEFENDANTS' TATUNG COMPANY AND TATUNG COMPANY OF AMERICA, INC.'S MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT - Page 10

Tatung Defendants] relating to the sale, distribution, or importation of visual display products, including but not limited to the agreements between Radio Shack [and the Tatung Defendants]." Topic No. 1, App. 11. These topics are closely guarded by the Tatung Defendants as highly sensitive and confidential business information. Chang Decl. at ¶ 4, App. 60. The Tatung Defendants' methods of manufacturing its visual display products, for example, are not disclosed publicly; divulging this information would likely result in competitors using the information to: (1) undercut the Tatung Defendants in pricing; (2) deduce the exact specifications required by existing customers; and/or (3) specifically target and lure away Tatung's existing customers. *Id.* at ¶ 7, App. 60. All of this information is closely guarded by the Tatung Defendants. Only authorized personnel have access to the information, which are subject to increased internal security. *Id.* at ¶ 6. The product specifications and features required by each customer, including Radio Shack, constitute competitive value and maintaining the confidentiality of such information is essential to the Tatung Defendants.

5. **LPL's Discovery Is Facially Overbroad and Intended to Harass The Tatung Defendants' Customers.**

In addition, the subpoena should be modified and limited because it is facially overbroad in that it seeks documents relating to *any* products of the Tatung Defendants instead of being limited to the accused products which are the subject of the Delaware Action. *See Cmedia, LLC v. Lifeky Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) ("A facially overbroad subpoena is unduly burdensome."). Moreover, the subpoenas should be modified and limited because it is clear that the overbroad discovery requests have been interposed solely to harass a Tatung customer, specifically Radio Shack, and aggravate the business relationship between the Tatung Defendants and their customers.

**C.**    **The Need For a Protective Order Limiting Third-Party Discovery Is Even More Compelling Due To LPL's Violations Of Previous Protective Orders.**

Although the parties have entered into a Stipulated Protective Order in the Delaware Action, the Stipulated Protective Order is not sufficient to protect the Tatung Defendants from harm because LPL has a demonstrated history of violating the Stipulated Protective Order. A copy of the Stipulated Protective Order is found in the Appendix at App. 61-73.

**1.**    **LPL Has Violated Other Protective Orders On At Least Two Occasions.**

The Tatung Defendants have recently petitioned the Special Master in the Delaware Action for relief regarding LPL's multiple violations of protective orders issued in different cases, implicating different patents, pending between the parties. Oh Decl. 2 at ¶ 15. LPL has *admitted* that its lawyers have viewed, used and disclosed confidential materials produced in other litigation between the parties for purposes of the Delaware Action, which is expressly prohibited by the Protective Orders in the other litigation. *Id.* at ¶ 16. The cases include *LPL v. Tatung Company, et. al.*, Case No. 05-292-JJF in Delaware District Court and *LPL v. Tatung Company, et. al.,* Case No. CV-02-6775-CBM in the Central District of California. *Id.* Such conduct flagrantly disregards the letter and spirit of the applicable protective orders.

**2.**    **LPL Is Potentially In Violation Of the Patent Prosecution Bar.**

Second, the Patent and Trademark Office records appear to show that LPL staffs its litigation team with attorneys who also prosecute patents in the area of flat panel display technology. *Id.* at ¶ 17. The Tatung Defendants' investigation of this conduct, which would directly violate the Protective Order, is ongoing, and the issue has been raised with the Special Master. *Id.*

For these reasons, the Tatung Defendants submit that the parties' current Protective Order is insufficient to protect against the potential harm posed by disclosure of unlimited confidential

information by third parties, including Radio Shack. *See Pulsecard v. Discover Card Services, Inc.*, 1995 WL 526533 * 26 (D. Kan. 1995) ("entry of a prior protective order should necessarily bar a second one, if facts justify it").

## IV.    CONCLUSION

To be clear, the Tatung Defendants do not contest LPL's right to seek discovery from Radio Shack. They submit, however, that discovery obtained from third-parties must be *relevant* to this litigation and serve a legitimate purpose. Here, LPL's overly broad and improper requests do not serve such purposes. Accordingly, the Tatung Defendants respectfully request that the Court issue a protective order limiting discovery from Radio Shack to deposition testimony and documents relating to the accused products in the Delaware Action.

Respectfully submitted,

By: _____
Penelope Brobst Blackwell
State Bar No. 24029456

**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone:    (214) 665-3600
Telecopier:    (214) 665-3601

**ATTORNEYS FOR TATUNG COMPANY and
TATUNG COMPANY OF AMERICA, INC**

## CERTIFICATE OF CONFERENCE

On March 5, 2007, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 7.1, counsel for Defendants Tatung Company and Tatung Company of America, Inc. in the Delaware Action conferred in good faith with counsel for plaintiff L.G. Philips LCD Co., Ltd. in the Delaware Action to resolve this dispute prior to filing this motion and were unsuccessful.

Penelope Brobst Blackwell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served all counsel of record by electronic mail and certified mail, return receipt requested, this _____ day of March, 2007, and addressed as follows:

| | |
|---|---|
| Richard D. Kirk, rkirk@bayardfirm.com<br>The Bayard Firm<br>222 Delaware Avenue # 900<br>Wilmington, DE 19899 | Gaspare J. Bono, gbono@mckennalong.com<br>Rel S. Ambrozy, rambrozy@mckennalong.com<br>Cass W. Christenson, cchristenson@mckennalong.com<br>Lora A. Brzezynski, lbrzezynski@mckennalong.com<br>Cormac T. Connor, cconnor@mckennalong.com<br>Shari L. Klevens, sklevens@mckennalong.com<br>McKenna Long & Aldridge LLP<br>1900 K Street, N.W.<br>Washington, DC 20006 |
| Jeffrey B. Bove, jbove@cblh.com<br>James D. Heisman, jheisman@cblh.com<br>Jaclyn M. Mason, jmason@cblh.com<br>Connolly Bove Lodge & Hutz LLP<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899 | Tracy R. Roman, troman@raskinpeter.com<br>Raskin Peter Rubin & Simon LLP<br>1801 Century Park East, Suite 2300<br>Los Angeles, CA 90067 |
| Scott R. Miller, smiller@cblh.com<br>Connolly Bove Lodge & Hutz LLP<br>355 South Grand Avenue, Suite 3150<br>Los Angeles, CA 90071 | Frederick L. Cottrell, III, Cottrell@RLF.com<br>Anne Shea Gaza, Gaza@RLF.com<br>Richards Layton & Finger, PA<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE 19899 |

**DEFENDANTS' TATUNG COMPANY AND TATUNG COMPANY OF AMERICA, INC.'S MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT - Page 14**

| Frank E. Merideth, Jr., meridethf@gtlaw.com | |
| Valerie W. Ho, hov@gtlaw.com | |
| Mark H. Krietzman, krietzmanm@gtlaw.com | |
| Steve P. Hassid, hassids@gtlaw.com | |
| Charlene L. Oh, ohc@gtlaw.com | |
| Deborah J. Pouratian, pouratiand@gtlaw.com | |
| Greenberg Traurig LLP | |
| 2450 Colorado Avenue, Suite 400E | |
| Santa Monica, CA 90404 | |

Penelope Brobst Blackwell

DAL-FS1\105575v02

**JS 44** (Rev. 10/06)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
In re Subpoena issued to RadioShack
L.G. LCD Co. Ltd.

*(stamped: RECEIVE / CLERK, U.S. DISTRICT COURT / ORIGINAL)*

**DEFENDANTS**
Tatung Company, Tatung Company of America and Viewsonic

*(stamped: 07MC0018-P)*

County of Residence of First Listed Defendant  Taiwan
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gaspare J. Bono, McKenna Long & Aldridge, LLP
1900 K Street, N.W., Washington, DC 20006

Attorneys (If Known)
For Tatung: Penelope Blackwell, Greenberg Traurig
2200 Ross Avenue, Suite 5200, Dallas, Texas 75201

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Rule Civ. P. 26 and 45
Brief description of cause: Motion for Protective Order from Foreign Deposition

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) PENDING OR CLOSED (See instructions):
LG Philips LCD Co. Ltd. v. Tatung Co. et al.
JUDGE Joseph J. Farnan, Jr.
DOCKET NUMBER 04-343
District of Delaware, Wilmington

DATE 3/14/07   SIGNATURE OF ATTORNEY OF RECORD *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE